IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANCISCO ROMERO, Inmate          )
# R51352,                         )
                                  )
                    Plaintiff,    )
                                  )
vs.                               )          Case No. 11-cv-0465-MJR
                                  )
RYAN L. DAVIS, CHARLES L.         )
PARNELL, TRACY K. LEE,            )
DONALD D. GAETZ, MR. SPILLER, and )
T. ANDERSON                       )
                                  )
                    Defendants.   )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Francisco Romero, an inmate in Menard Correctional Center

("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42

U.S.C. § 1983.  Plaintiff is serving a 65-year sentence for murder, 7 years for attempted

aggravated arson, 4 years for residential burglary, and 4 years for possession of

contraband at a penal institution.  This case is now before the Court for a preliminary

review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in
> which a prisoner seeks redress from a governmental entity or officer or employee
> of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which
>> relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune
>> from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

According to Plaintiff's complaint, Defendant Correctional Officer Davis was working the 2 gallery in North 2 segregation at Menard when he observed a black "do-rag" in Plaintiff's cell. When Plaintiff handed the do-rag to Davis as requested, Plaintiff stated, "That is petty, man" (Doc. 1, p. 4). Davis responded, "since I'm petty, you'll get the ticket." *Id.* According to the complaint, the do-rag was the property of Plaintiff's cellmate, Pierre Woodard, which was acknowledged by Mr. Woodard in an

affidavit (Doc. 1-1, p. 2).  Plaintiff claims he was subsequently issued a false and malicious disciplinary ticket by Davis for violation of Rules 308 (Contraband/Unauthorized Property) and 404 (Violation of Rules).  The resulting discipline imposed included three months of segregation, demotion to C-grade, and commissary restriction, as well as confiscation of the property.  That same day, Plaintiff filed a grievance over the incident, but never received a response.  Plaintiff also filed a grievance over the disciplinary action but was later informed that it had not been timely filed.  Plaintiff claims due process violations over the alleged mishandling of his attempts to pursue this grievance.

Plaintiff requests compensatory damages and expungement of the disciplinary report from his record.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1- False Disciplinary Report**

Plaintiff claims that Defendant Davis wrote a false disciplinary report claiming that he committed an infraction of possession of contraband and violating the rules by wearing a do-rag on his head.  Plaintiff alleges that Davis wrote the ticket maliciously because of Plaintiff's comment that Davis was being petty.  Defendants Parnell and Lee served on the adjustment committee that recommended the discipline

of three months' demotion to C-grade, segregation, and commissary restriction. Defendant Gaetz signed the final report by the adjustment committee.

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *id.* at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation. When an inmate is given a proper hearing, yet is found guilty of the false charge, he does not have a constitutional claim so long as the decision of the disciplinary hearing board was supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). The disciplinary report Plaintiff includes with his complaint (Doc. 1-1, p. 1) provides the necessary supporting evidence, notwithstanding Plaintiff's dispute with its veracity.

In his complaint, Plaintiff argues that he was *not* provided the procedural protections outlined in *Wolff* because he was not permitted to call his witnesses, and he was wrongfully found guilty of the false charges. Therefore, Plaintiff would appear to claim that issuing him the (false) conduct violation - and denying him procedural due

4

process in connection with that conduct violation - deprived him of his substantive right "to be free from arbitrary actions of prison officials."

Plaintiff does not have the absolute right to call witnesses, but may only call them if security is not compromised. Thus it appears that Plaintiff was afforded the procedural protections outlined in *Wolff*. However, even if this had not been the case, he still would not have an actionable claim. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court of the United States rejected an argument that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause." *Id*. at 484. Furthermore, the Supreme Court held that while a state could create a liberty interest protected by the Due Process Clause, such interests were limited to cases where the discipline imposes an "atypical, significant deprivation" on the inmate in relation to the ordinary incidents of prison life - especially totally discretionary types of confinement such as administrative segregation and protective custody. *Id*. at 486.

In light of *Sandin*, the Seventh Circuit has observed that "the right to litigate disciplinary confinements has become vanishingly small." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.* at 1176.

This Court understands *Sandin* and *Wagner* as holding that even a prisoner's arbitrary confinement in disciplinary segregation, administrative segregation, or protective custody does not implicate any liberty interest - under either the Due

Process Clause or state law (even if such confinement is arbitrary) - so long as the confinement itself does not constitute an "atypical, significant deprivation." A particular confinement is "atypical [and] significant" only if the conditions under which the inmate is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner*, 128 F.3d at 1175. Subsequent opinions by the Seventh Circuit have explained that where the duration of confinement in segregation is relatively short, no liberty interest will be implicated. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 n.2 (7th Cir. 2009) (collecting cases).

In this case, nothing in the complaint or exhibits suggests that the conditions that Plaintiff had to endure because of being found guilty of the allegedly false conduct violations were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Nor does the demotion to C-grade or commissary restrictions give rise to a due process claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976). Accordingly, Plaintiff has failed to allege facts indicating that he was deprived of a liberty interest, either under the Due Process Clause or created by the State, and this claim against Defendants Davis, Parnell, Lee, and Gaetz shall be dismissed with prejudice.

**Count 2 - Due Process - Denial of Opportunity to Appeal Disciplinary Action**

After Plaintiff's disciplinary hearing that resulted in the punishment outlined above, he filed a grievance to contest the imposition of discipline. However, his

grievance was denied as untimely filed (Doc. 1, p. 5).  Plaintiff claims that this denial

was in error because he filed the grievance within the time allotted.  Plaintiff sent a copy

of the grievance, along with a letter, to Defendants Gaetz (Chief Administrative Officer),

Spiller (Assistant Warden of Programs), and Anderson (Administrative Review Board

Official) (Doc. 1-1, pp. 5-8).  Plaintiff claims that Gaetz, Spiller and Anderson failed to

respond to his grievance and letter, which he alleges constitutes deliberate indifference.

Plaintiff, like many other inmates, seems to think that any prison employee

who knows (or should know) about his problems has a duty to fix those problems.  "The

doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held

individually liable, a defendant must be 'personally responsible for the deprivation of a

constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting

*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't

of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir.

1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*,

644 F.2d 653, 655-56 (7th Cir. 1981).

Furthermore, "[A] state's inmate grievance procedures do not give rise to a

liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d

1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the

failure of state prison officials to follow their own procedures does not, of itself, violate

the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v.

Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Therefore, even if this Court were to accept

Plaintiff's argument that his grievance was timely filed and that his attempt to appeal the

discipline was improperly rejected, such error would not give rise to a due process violation.

Accordingly, Count 2 must be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint against **DEFENDANTS DAVIS, PARNELL, LEE, GAETZ, SPILLER,** and **ANDERSON** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. The dismissal of this action shall count as one of Plaintiff's "strikes" under 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**DATED** March 26, 2012.

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge